No. 20,497.

CHARLES E. PENNINGTON, *Appellant*, V. JOHN D. TOLLE et al.,
*Appellees*.

SYLLABUS BY THE COURT.

SALE — *Land* — *Reservation of Oil and Gas* — *False Representations by Grantor* — *Grantee Not Defrauded* — *No Recovery*. A party conveyed a tract of land to a grantee for an agreed price, reserving to himself the oil and gas in it with the right to go upon it to drill wells and take out such oil and gas as might be found there. In his petition plaintiff alleged that the grantor represented to him that there was an outstanding lease upon the land and the grantor would therefore reserve the oil and gas in the land, whereas no lease in fact existed at that time; and believing and relying on the representation so made plaintiff agreed to the reservations that were made and purchased the remaining interest in the land at the stipulated price. *Held*, that as plaintiff received what he purchased at the price agreed upon, the representation as to the interest not conveyed did not operate as a fraud upon him or give him a right of action against the grantor.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed January 6, 1917. Affirmed.

*F. J. Oyler*, of Iola, for the appellant.

*H. A. Ewing, S. A. Gard*, and *G. R. Gard*, all of Iola, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The reformation of a deed was the principal relief sought in this action.

Plaintiff alleged that on February 14, 1910, he bought a forty-five-acre tract of land from the defendant for the sum of $2100 and in the negotiations had and in the deed executed the defendant reserved to himself the oil and gas in the land and any damages that might be paid resulting from smoke and noxious gases thrown upon the land from a smelter located on an adjoining tract. It is alleged that at the time of the purchase defendant falsely represented that a certain company had been given an oil and gas lease and therefore he must reserve the right to prospect and take oil and gas from the land,

and the further right to recover for injuries resulting from the smoke and-gases thrown upon the land from the smelter. It was further alleged that the representations as to the existence of an oil and gas lease were untrue; that no lease had then been made; and that relying upon the representations, plaintiff was induced to accept the land with the reservations made. It is alleged that the defendant subsequently executed a lease to a party other than the one mentioned in the negotiations for the sale and that this was placed on record in August, 1910. In the lease it was stipulated that an annual rental of $250 should be paid to the defendant. He further alleged that this lease had since been assigned to another party; that he did not learn of the falsity of the defendant's representations until August, 1914; and that oil and gas wells had been drilled upon the land to the injury and loss of plaintiff. He asked that the deed be reformed by the elimination of the reservations; that the oil and gas operations upon the land by the lessees be enjoined; and that plaintiff recover for the rent already paid, and also for loss and damage sustained because of the reservations in the deed. Upon a demurrer to the petition the court ruled that the facts set forth by the plaintiff did not state a cause of action, and, the plaintiff choosing to stand upon the averments of his petition, the case was dismissed and judgment for costs was awarded against him.

According to the averments in the petition the plaintiff was not in fact defrauded. In order to recover it must appear that the fraudulent representations occasioned him some loss or injury. He received just what he purchased and at the price agreed upon. The misrepresentations as to the existence of an outstanding lease did not impair the title to the estate conveyed to him, nor give him any right to an estate explicitly reserved. The plaintiff has no more right to complain than if the defendant had owned fifty acres of land which plaintiff offered to purchase and the defendant had falsely represented to him that he had already sold five acres of the tract, but would sell the remaining portion of the land to him for $2100, and the plaintiff, believing that five acres of the tract had been sold, purchased the remaining forty-five acres for an agreed price. He might have preferred to purchase the whole tract, but he received exactly what he did buy,

and can not base a cause of action upon a misrepresentation as to property which he did not buy. The representations did not affect the property actually transferred and he parted with nothing on the faith of the misrepresentations. False representations as to an estate distinctly reserved in a transfer of property can not be regarded as a fraud upon the purchaser.

The judgment of the district court is affirmed.